UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MARTY LEJEUNE                               CIVIL ACTION NO. 07-0596

VS.                                         SECTION P

BURL CAIN, WARDEN                           CHIEF JUDGE HAIK

                                            MAGISTRATE JUDGE METHVIN

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on

March 29, 2007 by *pro se* petitioner Marty LeJeune.  Petitioner is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana

State Penitentiary, Angola where he is serving consecutive 50-year sentences imposed following

his 2001 convictions on two counts of attempted first degree murder in the Fifteenth Judicial

District Court, Acadia Parish.  This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of the court.  For the following reasons it is recommended that the petition be

**DENIED** and **DISMISSED WITH PREJUDICE** because it is time-barred by the provisions of

28 U.S.C. §2244(d).

*Background*

On November 15, 2001 petitioner was found guilty of two counts of attempted first

degree murder. On May 6, 2002 he was sentenced to serve two consecutive 50-year sentences.

On that same date, petitioner's retained trial attorney "... informed the trial court that the

defendant would appeal his sentence and conviction and made an oral motion to withdraw asking

2

the trial court to appoint the Louisiana Appellate Project to represent the defendant during his

appeal. Counsel for the defendant also asked that limitations period for filing a Motion to

Reconsider Sentence be extended until thirty days from the date the Louisiana Appellate Project

was appointed. The trial court granted the motion to withdraw and made the following comments

regarding the motion to reconsider, 'I can make it sixty (60) days from this date which will give

plenty of time for the appellate project to be appointed and for them to react and do whatever is

appropriate in this matter.' On April 14, 2002, the defendant wrote a letter to the clerk of court

inquiring as to whether an appeal had been filed in his case and requesting the Louisiana

Appellate Project be assigned to his case. <u>On September 12, 2002, a Motion for Out-Of-Time</u>

<u>Appeal was filed on behalf of the defendant</u>."[ *State of Louisiana v. Marty LeJeune*, 02-1401 (La.

App. 3 Cir. 5/7/2003) (unpublished); see Appendix C, at pp. 3-4 (Emphasis supplied)]

     Ultimately petitioner appealed his convictions and sentences to the Third Circuit Court of

Appeals. In a brief dated January 13, 2003, [see Appendix A, p. 17]  his retained appellate

counsel argued three Assignments of Error: (1) constitutional excessiveness of sentence; (2) error

in ordering consecutive sentences; and, (3) double jeopardy.  On May 7, 2003 the Third Circuit

Court of Appeals affirmed petitioner's convictions and sentences. [*State of Louisiana v. Marty*

*LeJeune*, 02-1401 (La. App. 3 Cir. 5/7/2003), 846 So.2d 998 (unpublished); See Slip Opinion at

Appendix C]   On May 21, 2003, counsel for petitioner filed an application for rehearing with the

Third Circuit. [Appendix B] Therein he provided additional details on the procedure leading to

the appeal,

       <u>On September 12, 2002, a Motion for Out of Time Appeal was filed on behalf of</u>
       <u>the Defendant-Appellant</u>; however, due to a potential conflict of interest, the
       Louisiana Appellate Project, through William Campbell, withdrew as counsel of

> record. Consequently, the Defendant-Appellant's brief on appeal was not filed
> within twenty-five calendar days after the filing of the record of the Court as
> required under Rule 2-12.7, Uniform Rules, Courts of Appeal. Accordingly,
> Defendant's right to oral argument was forfeited as provided under Rule 2-12.12.
> [Appendix B, p. 2] (emphasis supplied)

Thereafter, counsel requested rehearing of the excessiveness of sentence claim.  On June 25, 2003 the Third Circuit denied rehearing without comment and supplied notice to counsel and the petitioner. [Appendix B]

On June 28, 2003 petitioner submitted a *pro se* writ application to the Louisiana Supreme Court.  [Appendix D, p. 3] In a separate counseled writ application dated July 25, 2003 [Appendix D, p. i and p. 17], counsel again argued excessiveness of sentence and double jeopardy.    On January 16, 2004, the Louisiana Supreme Court denied writs without comment. *State of Louisiana v. Marty LeJeune*, 2003-2043 (La. 1/16/2004), 864 So.2d 626.  Petitioner did not seek further direct review in the United States Supreme Court. [doc. 1-1, paragraph 6(d)]

On November 12, 2004 petitioner filed a pro se Application for Post-Conviction Relief in the Fifteenth Judicial District Court. [Appendix E, pp. 6 - 7] On March 8, 2005 the Application for Post-Conviction Relief was denied by the trial court. [Appendix E]

On March 31, 2005 petitioner filed an Application for Writs in the Third Circuit under docket number KH 05-00400. On April 27, 2005 the writ was denied because it failed to comply with Uniform Rules – Courts of Appeal, Rule 4. *State of Louisiana v. Marty LeJeune,* KH 05-00400 (La. App. 3 Cir. 5/27/2005) (unpublished). [Final page of Appendix F, in Volume 2 of Exhibits] On May 1, 2005 petitioner submitted another writ application to the Third Circuit Court of Appeals. His second Application requested rehearing and demonstrated petitioner's attempts to conform to the Uniform Rules as directed in the original order.  [Appendix F, G] This

4

writ application was received and filed in the Third Circuit on May 10, 2005 and assigned

Docket Number KH 05-00600. On June 20, 2005 the Third Circuit denied relief finding "... no

error in the trial court's ruling." *State of Louisiana v. Marty LeJeune*, KH 05-00600 (La. App. 3

Cir. 6/20/2005) (Unpublished). [Appendix G, final page]

Petitioner filed a writ application in the Louisiana Supreme Court on July 1, 2005.

[Appendix H, p. 3] The Supreme Court denied writs without comment on January 26, 2007. *State*

*of Louisiana ex rel. Marty LeJeune v. State of Louisiana*, 2005-2083 (La. 1/26/2007), 948 So.2d

159.

Petitioner signed and thus filed  the instant petition on March 19, 2007 [doc. 1-1, p. 8].[1]

Petitioner argues thirteen claims for relief: (1) excessiveness of sentence; (2) double jeopardy; (3)

insufficiency of evidence; and, (4) - (13) ten instances of ineffective assistance of counsel.

### Law and Analysis

#### Timeliness under 28 U.S.C. §2244(d)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In*

*Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).

---

[1] Under the "mailbox rule," see  *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a *pro se* prisoner's pleading is deemed to have been filed on the date he handed the pleadings to prison officials for mailing. In the absence of contradictory information it is assumed that the date petitioner signed his petition is the earliest date the pleading could have been presented to prison officials for mailing.

5

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of petitions for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.   This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte.* *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not timely appeal his conviction and sentence.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about May 14, 2002 when the statutory  delays for seeking an appeal lapsed and no motion for

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

6

appeal had been filed by petitioner or on his behalf.[3]  See *Roberts v. Cockrell*, 319 F.3d 690, 694

(5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last

resort, the conviction becomes final when the time for seeking further direct review in the state

court expires.)  Under 28 U.S.C. § 2244(d)(1) he had one year, or until May 14, 2003 to file his

federal *habeas* petition.

An Application for Post-Conviction Relief or *ex parte* motion seeking an out-of-time

appeal was filed on petitioner's behalf on September 12, 2002. [See unpublished opinion of the

Third Circuit, *State v. LeJeune*, 02-1401 (La. App. 3 Cir. 5/7/2003) at Appendix C,  pp. 3-4]

However, by that time, 121 days (or approximately 4 months) of the one-year AEDPA

limitations period had lapsed.  As noted, any lapse of time <u>before</u> the proper filing of an

application for post-conviction relief in state court is counted against the one-year limitation

period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner was able to successfully toll the limitations period during the pendency of his

out-of-time appeal (which, as is shown hereinafter, must be construed as having been in the

nature of a collateral attack).  However, his post-conviction or other collateral review ceased to

_____

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Monday, May 6, 2002. The five day delay for filing an appeal commenced on Tuesday, May 7; Saturday May 11 and Sunday May 12 were legal holidays. The five day period for taking an appeal ended on Monday, May 13, 2002. Therefore,  petitioner's judgment of conviction and sentence became final, at the latest, on the following date, May 14, 2002..

7

be properly filed or pending once the Louisiana Supreme Court denied writs in his case on January 16, 2004. *State v. LeJeune*, 2003-2043 (La. 1/16/2004), 864 So.2d 626.

Thereafter, another 10 months or 300 days lapsed between the Supreme Court's writ denial and the date upon which petitioner filed his Application for Post Conviction Relief on November 12, 2004.  Thus, by the time petitioner filed his November 12, 2004 application for post-conviction relief in the district court, more than one-year had already elapsed from the date that his judgment of conviction and sentence became final.

This post-conviction proceeding remained pending until January 26, 2007 when the Louisiana Supreme Court again denied writs (*State ex rel. LeJeune v. State*, 2005-2083 (La. 1/26/2083), 948 So.2d 159).  However, since the limitations period had already expired before petitioner filed this post-conviction proceeding, it could not serve to toll the limitations period. Nevertheless, a period of 51 additional days elapsed between the date that this post-conviction proceeding ceased to be pending in the Louisiana Courts and the date petitioner filed his federal writ of *habeas corpus* on March 19, 2007.

As shown above, a period well in excess of 12 un-tolled months elapsed between the date that petitioner's judgment of conviction and sentence became final and the date upon which he filed for federal *habeas corpus* relief. His  petition is time-barred by the provisions of 28 U.S.C. §2244(d).

_____Petitioner may disagree with the foregoing analysis and suggest that his conviction and sentence were final for AEDPA purposes 90 days following the Louisiana Supreme Court's denial of *certiorari* on direct appeal.  However, that suggestion finds no support in current Federal jurisprudence. If a defendant stops the appeal process before the entry of judgment by the

8

court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). As is shown hereinafter, petitioner's judgment became final when the delays for seeking a direct appeal lapsed; it could not be "de-finalized" by the subsequent  reinstatement of his appeal rights obtained through his motion for out-of-time appeal.

In *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), the court addressed just such a scenario:

> First, unlike § 2244(d)(1)(A), which takes into account the time for filing a *certiorari* petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision. Rather, § 2244(d)(2) only tolls the period for a properly filed petition for 'State post-conviction or other collateral review.' It is a fundamental tenet of statutory construction that Congress intended to exclude language included in one section of a statute, but omitted from another section. We conclude and hold that a petition for writ of *certiorari* to the Supreme Court is not an application for 'State' review that would toll the limitations period.

In other words, petitioner's out-of-time appeal in the court of appeals and Louisiana Supreme Court was, for AEDPA purposes an application for post-conviction relief or collateral attack on his conviction. When that process ended with the Supreme Court's writ denial, petitioner's state post-conviction proceeding no longer remained pending.

Of course, an argument could be advanced for the proposition that when a Louisiana court grants an out-of-time appeal, the *habeas* petitioner's AEDPA clock is "restarted" as of the date upon which the out-of-time appeal process has concluded.  Stated another way, it can be argued that the petitioner's conviction does not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commences

9

on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", a federal *habeas* petitioner has a full year reckoned from the date that the out-of-time appeal process concludes within which to file his petition.

However, the Fifth Circuit has rejected that argument. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S.1032, 124 S.Ct. 2099, 158 L.Ed.2d 714, 41 USLW 3688 (U.S. May 03, 2004) the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions.

Salinas was convicted of murder and sentenced to life imprisonment in a Texas court. Like Louisiana, Texas provides for an appeal of right to an intermediate court of appeals and thereafter, the opportunity to seek discretionary review in Texas' court of last resort, the Court of Criminal Appeals.  Salinas's conviction was affirmed by the intermediate court of appeals on July 20, 2000.  However, his attorney failed to apply for discretionary review in the Court of Criminal Appeals within the thirty day time period provided by law.

Under Texas law, discretionary review by the Court of Criminal Appeals is considered to be part of the direct review process.  The process ends either when discretionary review is denied or when the time for filing the petition for review lapses.  Thus, Salinas's judgment of conviction became final in August, 2000, when he failed to timely file his petition for discretionary review. Under the timeliness provisions of the AEDPA, he had one year, or until August, 2001 to file for federal *habeas* relief.  Sometime during the summer of 2001, Salinas filed a state *habeas* application which, under § 2244(d)(2),  tolled the limitations period during its pendency.  His state *habeas* ceased to be "pending" in March, 2002 when the Court of Criminal Appeals denied

10

relief.  At that point, Salinas had only eighteen days remaining of the one-year AEDPA limitations period.  Unfortunately, he failed to file his federal *habeas* until late April and it was therefore dismissed as time-barred by the United States District Court in November, 2002.

Meanwhile, and unbeknownst to the District Court, the Texas Court of Criminal Appeals had, in October, 2002, reconsidered Salinas's state *habeas* petition and granted him the right to file an out-of-time petition for discretionary review *sua sponte*.[4]

On appeal, Salinas argued that (1) when Texas' high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the conclusion of direct review.  Or, as this argument was summarized by the Fifth Circuit, "Thus, Salinas argues, his conviction was 'de- finalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429.

The Fifth Circuit rejected Salinas's argument:

<u>On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between</u>. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, <u>nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state</u>

---

[4] As noted by the Fifth Circuit, quoting the Texas' Court's order,  "The effect of this was to 'return [Salinas] to the point at which he can file a petition for discretionary review .... For the purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of the Court of Criminal Appeals issues.' *Ex Parte Salinas*, No. 74,462 at 2 (Tex. Crim. App. 2002).  Thus, under state law, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals. " *Salinas v. Dretke*, 354 F.3d at 428.

11

court action. Rather, the statutory framework only provides for the tolling of
limitations during the pendency of state collateral review. See § 2244(d)(2).

Thus, the issue is not whether the Court of Criminal Appeals' action revitalized
Salinas's limitations period, but rather whether the existence of that potential
relief prevents the limitations period from starting to run until after that level of
appeal has been denied. That is to say, we need to determine whether, in Texas,
the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is
part of the direct or collateral review process. If that relief comes as a result of
direct review, there would be no basis for limitations even to begin running until
the Court of Criminal Appeals has finalized the judgment by declining to grant
relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is
awarded only as a result of the collateral review process, limitations is tolled
merely while the petitioner seeks to obtain that relief. *Id.* at  429-430 (emphasis
supplied)

Thereafter, the Fifth Circuit analyzed Texas law and concluded that the Court of Criminal

Appeals was authorized to grant Salinas his out-of-time petition only through the collateral

review process of the Texas *habeas* statute.

Thus, the court concluded,

As a result, when a petitioner convicted in the Texas system acquires the right to
file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the
date on which the Court of Criminal Appeals declines to grant further relief, but it
does not require a federal court to restart the running of AEDPA's limitations
period altogether.... Therefore, because Salinas's right to file the 'out-of-time'
PDR is necessarily the product of state habeas review, it does not arise under the
'direct review' procedures of the Texas judicial system. Accordingly, the Court of
Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations
set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000,
and fully lapsed on March 31, 2002.  *Id.* at 430-431.

This reasoning is applicable to the case at bar.  In Louisiana the only mechanism which

can be employed to reinstate lapsed appeal rights and thus grant an out-of-time appeal is the

Application for Post-Conviction Relief.  See *State v. Counterman*, 475 So.2d 336 (1985).  In

*Counterman*, the Louisiana Supreme Court held:

12

La.C.Cr.P. Art. 915 requires the court to order an appeal when a motion for appeal is made in conformity with Articles 912, 914 and 914.1. However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La.App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.

After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. *State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "...the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

The record does not indicate what pleading was utilized to restore petitioner's lapsed appeal rights. Nevertheless, it is abundantly clear that under Louisiana law, lapsed appeal rights may only be restored through Louisiana's collateral review process, the Application for Post-Conviction Relief. *State v. Counterman,* 475 So.2d at 338. Petitioner, like Mr. Salinas, was not entitled to have his conviction "de-finalized" and therefore he could not "re-start" the AEDPA limitations period.  Finality of judgment for AEDPA purposes occurred when the time limits for filing an appeal lapsed; the limitations period could thereafter only be subject to tolling by the filing of a post-conviction or collateral attack. In petitioner's case, the collateral review process, started with the filing of petitioner's motion seeking an out-of-time appeal, proceeded through his out-of-time appeal before the Third Circuit, and concluded when the Louisiana Supreme Court denied his writ application.

13

Finally, petitioner's pleadings and exhibits do not suggest  extraordinary circumstances such as to warrant the application of  equitable tolling thus exempting petitioner's claims from dismissal under §2244(d)(1).  The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period, such as appears to be the case herein,  merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

14

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on May 10, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)