RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/12/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARTY LeJEUNE | CIVIL ACTION NO. 07-0596 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE HAIK |

## MEMORANDUM OPINION AND ORDER

Marty LeJeune, proceeding *pro se*, filed the instant "Motion for Relief from Judgment Denying 28 U.S.C. §2254 Application Pursuant to Fed. Rules Civ. Proc. Rule 60(B)" on May 29, 2009.

### *Statement of the Case*

LeJeune is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. On March 29, 2007 he filed a petition for writ of *habeas corpus* (28 U.S.C. §2254) attacking his 2001 attempted murder convictions in Louisiana's Fifteenth Judicial District Court, Acadia Parish. [rec. doc. 1]

On May 10, 2007, the United States Magistrate Judge recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d). The Magistrate Judge, noting that petitioner did not timely appeal his conviction relied on then-prevailing Fifth Circuit precedent, specifically, *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *certiorari* denied, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) and reasoned that petitioner's judgment of conviction became final for §2244(d) purposes when the delays for seeking direct appeal under Louisiana law lapsed. Applying *Salinas*, the Magistrate Judge then observed that the AEDPA 1-year period of limitations period which began to run when the delays for seeking direct appeal

lapsed, were not "restarted" when petitioner subsequently applied for and was granted an out-of-time appeal. Thus, the Magistrate Judge concluded that a period of 121 days elapsed between the date petitioner's judgment of conviction became final and the date he filed the pleading seeking an out-of-time appeal. Thereafter she concluded that another 300 days elapsed between the date the Louisiana Supreme Court denied writs ending the out-of-time appeal process and the date petitioner filed an application for post-conviction relief in the trial court. It was then noted that an additional period of approximately 51 days elapsed between the date the post-conviction process concluded and the date petitioner filed his federal *habeas* petition. [rec. doc. 4]

LeJeune timely objected to the Magistrate Judge's Report and Recommendation [rec. doc. 5], nevertheless, the undersigned, after having conducted an independent review, concluded that the recommendation was correct and dismissal of the petition was ordered on August 29, 2007. [rec. doc. 6] Petitioner did not appeal the dismissal of his petition.

On January 13, 2009, the Supreme Court decided *Jimenez v. Quarterman*, — U.S. —, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) which held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal *habeas* relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A) ..." and does not become final "... until the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking *certiorari* review of that appeal." *Jimenez*, 129 S.Ct. At 686. This ruling, of course, overruled *Salinas v. Dretke* which was relied upon by this Court in dismissing LeJeune's *habeas* corpus as time-barred.

LeJeune, relying on *Jimenez*, then filed his Rule 60(b) motion on May 29, 2009.

2

## Law and Analysis

### 1. Jurisdiction

Petitioner's motion for relief from judgment seeks to vacate the August 29, 2007 judgment dismissing the petition for *habeas corpus* with prejudice as time-barred.

Title 28 U.S.C. §2244(b)(1) and (2) authorize dismissal of "second and successive" *habeas corpus* petitions; §2244(b)(3) directs a petitioner filing a "second and successive" *habeas* to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court. A Rule 60(b) Motion which presents a "claim" for *habeas corpus* relief must be considered "second and successive" and therefore subject to the provisions of §2244(b). If a Rule 60(b) Motion is construed as a "second and successive" *habeas*, the District Court must dismiss for lack of jurisdiction. However, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the *habeas* statute or rules." *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion must be construed as a *habeas* claim "... when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007), citing *Gonzalez v. Crosby, supra*. On the other hand, there is no new *habeas* claim, and thus no "second and successive" issue, when the Rule 60(b) Motion asserts that a previous ruling raising a limitations bar precluded a merits determination and was erroneous. *Id.*

3

Such appears to be the case here. LeJeune's Rule 60(b) Motion asserts that the judgment dismissing his *habeas* as time-barred was erroneous and therefore, this Court has jurisdiction to consider his claim.

## *2. The Motion*

LeJeune contends that pursuant to *Jimenez*, his judgment of conviction became final for AEDPA purposes on April 15, 2004 and not on May 14, 2002 as determined by the Magistrate Judge. Thereafter, a period of only 270 days elapsed before he filed his application for post-conviction relief on November 12, 2004. His application remained pending and thus tolled the limitations period until January 26, 2007 when the Louisiana Supreme Court denied writs. Then, an additional period of 65 days elapsed between the Supreme Court's writ denial and the date petitioner filed his federal writ application. Therefore, since only 335 days of the 365 day AEDPA limitations period elapsed between the date his judgment of conviction became final and the date he filed his *habeas corpus* petition, LeJeune contends that he is entitled to relief from the previous judgment.

LeJeune's Motion invokes F.R.C.P. Rule 60(b)(5), which provides, "On motion and just terms, the court may relieve a party ... from a final judgment ... for the following reasons ... the judgment ... is based on an earlier judgment that has been reversed or vacated ..." However, the quoted portion of Rule 60(b)(5) "does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir.1990) (quoting *Lubben v. Selective Serv. Sys. Local Board No. 27*, 453 F.2d 645, 650 (1st Cir.1972)). Thus, LeJeune is not entitled to relief pursuant to Rule 60(b)(5) on the

4

grounds that *Salinas* (which was relied upon earlier) was overruled by *Jimenez*.

*Pro se* pleadings must, of course, be given a liberal construction. Therefore, petitioner's Rule 60(b) Motion should be analyzed under the remaining provisions of the Rule. LeJeune cannot rely on the provisions of Rule 60(b)(1), (2), or (3) because motions made pursuant to those subsections "... must be made ... no more than a year after the entry of the judgment..." The judgment at issue was entered on August 29, 2007 [rec. doc. 6] and therefore even if LeJeune were otherwise entitled to relief, his motion would be untimely.

Nor can LeJeune rely on Rule 60(b) (4) since the judgment attacked is not void. (See *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir.2003) (A judgment is "void" if the court which rendered it lacked subject matter jurisdiction or personal jurisdiction or otherwise acted in a manner as to deny due process.)

Finally, LeJeune cannot rely on the basis of Rule 60(b)(6) which would allow relief from judgment "for any other reason that justifies relief" because a court may not grant relief under Rule 60(b)(6) from a judgment that correctly applied the controlling precedent at the time based on a subsequent change in the law. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002); *Gonzalez v. Crosby*, 545 U.S. at 536, 125 S.Ct. at 2650-51 (holding, in a similar case, that the Supreme Court's subsequent decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), a decision that overruled Eleventh Circuit precedent upon which the district court relied in denying the petitioner's federal *habeas* petition as time barred, did not constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6)). [1]

---

[1] As articulated by the Court, "Petitioner's only ground for reopening the judgment denying his first federal *habeas* petition is that our decision in *Artuz* showed the error of the District Court's statute-of-limitations ruling. We assume for present purposes that the District Court's ruling was incorrect. As we noted above, however, relief under

## 3. Order

LeJeune is not entitled to the relief he seeks and therefore, his Motion for Relief from Judgment Denying 28 U.S.C. §2254 Application Pursuant to F.R.C.P. Rule 60(b) [rec. doc. 7] is **DENIED**.

In Chambers, Lafayette, Louisiana ____August 11____, 2009.

_____
RICHARD T. HAIK, SR.
DISTRICT JUDGE

---

Rule 60(b)(6) – the only subsection petitioner invokes – requires a showing of 'extraordinary circumstances.' Petitioner contends that *Artuz's* change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, e.g., *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Gonzalez*, 545 U.S. at 536.